And our next case this morning is United States v. Donald Dorosheff. Mr. Coughlin. Good morning, Your Honors. May I proceed? Yes, please. May it please the Court. My name is Shane Coughlin, and I'm a recent graduate of Notre Dame Law School. I am representing Appellant Donald Dorosheff under the supervision of Attorney Robert Palmer. Mr. Dorosheff appeals the District Court's denial of his motion to suppress on the ground that the District Court erred in applying the good-faith exception. The District Court properly held that the magistrate judge violated then-existing Federal Rule of Criminal Procedures 41b's venue restrictions, and this necessarily resulted in a violation of the Fourth Amendment because the magistrate judge exceeded her statutory jurisdiction. Suppression is warranted to deter such deliberate violations of the law. We ask you to reverse. I begin with the good-faith exception, which this Court has twice applied to the same NIT warrant at issue in this case, in Kynast and Grisanti. Mr. Dorosheff presents two new additional arguments that justify a different result. First, the District Court erred in failing to consider the collective knowledge of the Department of Justice and FBI as a whole, which demonstrates that the FBI was aware of Federal Rule 41b's jurisdictional restrictions but nonetheless decided to seek such a warrant in this case. Mr. Crawford, wouldn't there have to have been discussions between the higher-ups in the FBI and the individuals engaged here for purposes of your argument? Your Honor, potentially. This is an objective inquiry. It's not about actual knowledge. And here, Mr. Dorosheff has presented evidence specifically from the U.S. District Court in Massachusetts, that's from Special Agent Alfin, that the higher-ups in the Department of Justice and FBI were involved in conducting this investigation, demonstrating that there was involvement from these higher officials in this case. And furthermore, a reasonable FBI officer and assistant United States attorney who approved this warrant would have been aware of these serious jurisdictional concerns. This is an extraordinary use or deployment of the collective knowledge doctrine, and in fact a counterintuitive one. The doctrine imputes to officers conducting a stop or arrest the collective knowledge of other officers on an investigation to establish reasonable suspicion of probable cause. And you're asking it to – to deploy it or trying to deploy it to destroy the basis for the warrant. Correct, Your Honor. So it's the reverse of the purpose of the doctrine. Well, the collective knowledge traditionally has been applied with respect to probable cause, yes. My argument here is that considering collective knowledge is consistent with the good faith exceptions and the exclusionary rule's purpose here, which is to deter knowing future violations of the law. And so under the government's proffered argument, higher-ups in the Department of Justice and FBI could knowingly instruct officials to seek a warrant that would violate the law, and the government would argue that that would be okay so long as the officers who did that were not aware of these issues. But here Mr. Dorshev has presented evidence concerning the knowledge of the higher-ups and that, in this case, they were aware of the current restrictions under Rule 41B but nonetheless decided to seek the warrant. And so applying the good faith exception would be inconsistent with the exclusionary rule's purpose, which is to deter these future violations. But there's no evidence of any instructions to downstream officers actually implementing the collection of the evidence here pursuant to the NIT warrant. I mean, there's no link, in other words, evidentiary link between the higher-ups who supposedly had concerns about the legality of this warrant or concerns about gaps in Rule 41 and the actual officers on the ground who were involved in this case. Your Honor, I disagree with that given Special Agent Elfin's testimony in the District of Massachusetts. And my second point concerns solely the knowledge of the FBI officer who sought this warrant. This Court previously twice has reasoned that it was at least unclear as to whether Rule 41B-4, the tracking device theory, could have authorized the NIT warrant. And Mr. Dorshev's new argument here is that we know that the government and the agent who submitted this warrant was not relying on a tracking device theory because they submitted a general search and seizure warrant rather than a tracking device warrant. Rule 41E has different requirements. Are we able to sidestep that issue under the good-faith exception? Well, Your Honor, the good-faith exception considers what the officers reasonably could have believed and whether the warrant could have been legal. And here, the officers could not reasonably have believed that this was valid as a tracking device because they did not submit a tracking device warrant. And all other provisions under Rule 41B clearly would not have authorized such a nationwide or global computer search. But what they did here, why would it not fall under the good-faith exception? They didn't apply for a tracking device. These computers went beyond the district. So why would the good-faith exception not apply in this case? Because without the tracking device theory, which the officers were not relying upon, it was very clearly, and this court has noted previously, that it was clear that this warrant was authorizing a search for computers wherever they were located, and that's on page 29 of the NIT warrant. And the officers certainly would be aware of the general principle, with the only exception being the tracking device theory that they don't rely on, that magistrate judges are generally limited to the jurisdiction in which they sit under federal criminal rules as well as 28 U.S.C. Section 636A. And so setting aside the fact that they did not rely on this tracking device, they did not submit that warrant, any other theory that the government attempts to rely upon is objectively unreasonable, and the FBI agent, certainly one with 19 years of experience, as in this case, would have recognized that. The Tenth Circuit has rejected these new theories for not applying the good-faith exception in the Cookson case. So we'd have to be willing to create a circuit split with the Tenth in order to endorse your arguments. Your Honor, I'm not familiar with that specific case, but this argument concerning the tracking device theory has not been presented to many circuits, and to the circuits that have noted it, they've failed to consider how it's relevant to the good-faith exception and what the officers reasonably could have believed in seeking the warrant. Well, the Tenth Circuit specifically addressed that very question, whether there was a basis to disregard its previous cases that, like our circuit precedent, applied the good-faith exception to an IT warrant implementation, despite the concern about the extraterritoriality of the warrant under Rule 41. So it's precisely the question that we have presented here. So we'd need a pretty powerful reason to create a circuit split to endorse the arguments that the Tenth Circuit rejected. Your Honor, I'm not familiar with that case, but I will address that on rebuttal, which I'll reserve my remaining time for. Thank you. Mr. Sullivan? Good morning, Your Honors. May it please the Court, my name is Timothy Sullivan. On behalf of the United States, the United States is requesting to affirm the matter before the Court and uphold the previous precedents set forth in Kynest and Grisanti. The United States' position is, under Rule 41b, the magistrate judge had authority to issue the warrant in this case, the search was proper under the Fourth Amendment, and most importantly, the good-faith exception applied to law enforcement, who applied for the warrant. Now, the appellate argues that the exclusionary rule applies to Rule 41b violations, but the good-faith exception does not. That goes to contrast in Kynest, Grisanti, I believe all the circuits who have visited this issue, not only this issue, but the exact same warrant that we're talking about in this case. Suppression is not warranted when deterrence is questionable, and the cost of suppression is high. In this case, law enforcement asked for a warrant in the jurisdiction that had the most connection with the investigation, which is the Eastern District of Virginia. Now, some courts have agreed about whether or not this was a GPS tracking device under Rule 41b-4, but others have not. But that goes in favor of the good-faith analysis. That cuts in favor of good faith. The affidavit that was used in this case is specific. It's detailed. There's nothing to suggest recklessness or deliberate disregard for the truth, and all roads essentially lead to good faith. And even if the magistrate judge exceeded its jurisdictional authority, in this circuit, the focus has been on the warrant clause of the Fourth Amendment. And if there's no violation there, there's no basis for suppression. So here, the warrant was issued by a neutral and detached magistrate after finding probable cause. So certainly suppression isn't warranted under the cases going down the line of Leon or with this court's decisions in Kinest and Grisanti. Now, the appellant relies heavily on an opinion by a single magistrate judge from Texas to form the basis of the argument that the law enforcement was somehow on notice. But the warrant in that case was very, very different from the warrant that we're talking about in this case. The technology was far more sweeping and invasive. This warrant only contained information about the person's location, and that's what law enforcement were trying to obtain is just location identifying information. The warrant in Texas allowed access to the defendant's computer camera, browsing history, was much more invasive than the techniques that were used in this case. And after law enforcement was able to get the warrant to obtain just identifiers of who was going on this dark web tour network to view child pornography, once they found the identifiers, that's when they actually went to go get the search warrant in the district about where the person was located. So they did it properly. The affidavit had seven specific points of information that they outlined in detail to the magistrate judge about what they were looking for. There was nothing nefarious or misleading about any of that. Now, the collective knowledge doctrine is about imputing knowledge of facts, and the dispute here is about a question of law. The legal conclusion of whether a given set of facts authorizes issuance of a warrant is viewed objectively. That is why the good-faith exception doesn't allow hearings with officers to testify about what court cases they've read or if they know about Supreme Court cases. As the court said in Canest, it's an objective question and an officer's subjective belief about conclusions of law, whether actual or imputed, is immaterial for the good-faith analysis. So, Your Honors, suppression is an extreme remedy for flagrant abuses of the Constitution. It's a judicially created exception and it does not apply when deterrence is questionable, as is the case in this matter, especially in light of the amendments to Rule 41 that clarify that this type of technique may be used, because the good-faith exception mostly is about deterrence. It's forward-looking, and there's nothing to deter. So, in this matter, Judge, if the court has no questions, the U.S. will rest on its brief and ask the courts to affirm in this case and follow the precedents as set forth in Grisanti and Canest and in the recent Tenth Circuit case. Thank you. Okay. Thank you. Thank you. Mr. Coughlin. I have three points on rebuttal. To begin with, the Cookson case, the Tenth Circuit, like other circuits, did not consider the relevance of the government filing the incorrect search warrant, and the government should now, under the good-faith exception, not be able to rely on its argument that this was a tracking device when it submitted a general search and seizure warrant. Had the government submitted a tracking device, the government would have been required on the first page of the search warrant to check boxes indicating where the property or information to be tracked would be located, and that would have made this jurisdictional issue very clear to the magistrate judge. Instead, the government filed a regular search and seizure warrant and repeatedly claimed that the information to be searched or seized would be located. So you're referring to the form that the government used to see this warrant. So it's an argument about the form, not the basis. Correct. And the form is relevant to the basis because of the differences between a general search warrant as well as a tracking device-specific warrant. Under Rule 41e, there are different requirements regarding the installation of a tracking device and the timing requirements, and here the government submitted a general search and seizure warrant. The links to those documents are included in the reply brief. Second, the government argues that a case from the Southern District of Texas in 2013 could not put the government on notice, and here is where the information surrounding Rule 41b's amendment is particularly relevant because throughout the years-long process of amending the rules, it demonstrates that the Department of Justice was aware of what Rule 41b authorized. And lastly, the government suggests that because Rule 41b-6 has been added in December of 2016, that there's nothing to deter here. I have two responses to that. First, the Supreme Court and this Court, in considering whether the exclusionary rule applies, has looked at the value or the benefit of deterring Fourth Amendment violations generally, and that is language from United States v. Calandra. And second, concerning more specifically the amendment, I would refer this Court to the Second Circuit's analysis in the Eldred case where it noted that despite the rule's amendment, there could still be limitations on a magistrate judge's authority to issue an NIT warrant because the Federal Magistrate Judge Act limits the jurisdiction of magistrate acts, nonetheless, despite what the federal rule of criminal procedures do. Unless there are further questions, we ask this Court to reverse. All right. Thank you very much. And, Mr. Coughlin, thanks to you and to your supervisor, Mr. Palmer, for your willingness to accept this appointment from the Court to represent your client. Thank you for your fine advocacy on behalf of your client and your service to the Court, and congratulations on your graduation. Congratulations.